**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOG FURNITURE, INC.; CARI ALLEN,

Plaintiffs-Appellants,

v.

STEVEN CALL; RAY, QUINNEY &
NEBEKER; DAVID HARRIS;
MACHINERY & HARDWARE SUPPLY;
GRANITE STONE, L.C.,

Defendants-Appellees.

No. 04-4276
(D.C. No. 2:04-CV-897-PGC)
(D. Utah)

In re: LOG FURNITURE, INC.,

Debtor.

-----------------------------------------------

LOG FURNITURE, INC.; GOLDEN
MEADOWS PROPERTIES; CARI ALLEN,

Plaintiffs-Appellants,

v.

GRANITE STONE L.C.; MACHINERY
HARDWARE & SUPPLY; DAVID
HARRIS; STEVEN W. CALL, Receiver;
ELIZABETH LOVERIDGE, ROBERT H.
SWAN,

Defendants-Appellees.

No. 05-4228
(D.C. No. 2:04-CV-505-DB)
(D. Utah)

In re: LOG FURNITURE, INC.,

    Debtor.

-----------------------------------------------

GOLDEN MEADOWS PROPERTIES;
LOG FURNITURE, INC.,

    Plaintiffs-Appellants,

    and

CARI ALLEN,

    Appellant,

v.

GRANITE STONE, L.C.,

    Defendant-Appellee.

No. 05-4266
(D.C. No. 2:04-CV-369-DB)
(D. Utah)

## ORDER AND JUDGMENT

Before **LUCERO**, **PORFILIO**, and **HARTZ**, Circuit Judges.

We have before us three separate appeals involving essentially the same parties and essentially the same issues in all three. The panel unanimously has concluded oral argument is unnecessary because the appeals are frivolous,

-2-

Fed. R. Civ. P. 34(a)(2)(B); therefore, we have joined the cases for disposition only. After review, we dismiss in part and affirm in part.

Over the course of almost three years, the Appellants have been parties to no less than nine separate legal actions raising these same issues before two Bankruptcy Judges and two District Judges from the District of Utah, one state district judge and the two Utah appellate courts. This odyssey ends in our court.

Throughout this journey, Appellants have doggedly pursued two themes: first, the voluntary Chapter 7 bankruptcy petition filed on behalf of Log Furniture, Inc. which is the root of all this litigation, was illegally filed, and, second, a conjectural entity named "Log Furniture" exists outside of the bankruptcy proceeding. The parties treat this specter as though it were an *alter ego* of the Debtor in Bankruptcy, a separate existence unaffected by the Bankruptcy Code and in need of their protection from the vicissitudes of Appellees.[1] As part of these themes, Appellants also contend Granite Stone, L.C. was not the lawful owner of the stock of Log Furniture, Inc. at the time Granite Stone filed the petition in bankruptcy, but instead the stock belonged to Golden Meadows Properties because of a "pledge agreement" between Golden Meadows, Log

---

[1]For the sake of better clarity, the use of quotation marks throughout this Order and Judgment indicates the *alter ego*.

Furniture, Inc., and Cari Allen.[2] What these three cases now present to us is a tangled, nearly indecipherable mess of repeated and convoluted contentions engulfed in more smoke than a Friday boys-night-out poker jamboree.

The parties are well acquainted with the facts; therefore, it is unnecessary to repeat them here. Suffice to note, each of the issues mentioned above has been litigated to conclusion in the different fora, and, in each instance, Appellants' causes were carefully and correctly analyzed by the court.[3] Nonetheless, lest Appellants be persuaded we do not give sufficient consideration to their appeals, we will deal briefly with the essential points they have raised.

First, Log Furniture, Inc. has no *alter ego*. Once the bankruptcy petition was filed, it became a Debtor in Bankruptcy. It is the foundational concept of the laws of bankruptcy that "all the legal and equitable interests in property" a Debtor has at the commencement of a case become the property of the bankruptcy estate,

---

[2]After the filing of the bankruptcy petition, Howard Johnson, a lawyer claiming to represent "Log Furniture," and Ms. Allen filed a motion to dismiss the petition on the ground Granite Stone was not the stockholder of Log Furniture, Inc. and, thus, was without authority to file the petition. This motion was denied by the bankruptcy court, leading to an "emergency appeal" to the district court. Appellants assert the district court then issued a Temporary Restraining Order ostensibly prohibiting the liquidation of the Debtor, but the merits of the Bankruptcy Court's order of dismissal and its findings concerning the propriety of the filing apparently was not ruled upon at that time. The TRO was subsequently dissolved by stipulation.

[3]Suffice to say we see no reversible error in any of the decisions of the district and bankruptcy courts.

11 U.S.C. § 541(a)(1). As such, those assets, including the claims asserted by the attorneys and Ms. Allen, are within the sole control of the Trustee in Bankruptcy whose duty it is to "collect the property of the estate and reduce it to cash." 11 U.S.C. § 704(a)(1). See *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985). Hence, if, as Appellants allude, "Log Furniture" has "post-petition claims," these "claims" are also Debtor's property and part of the bankruptcy estate subject to collection by the Trustee for the benefit of the creditors of Log Furniture, Inc.

Moreover, the Code makes no provision within the structure of Chapter 7 for "former management" to appear in the proceeding and attempt to control the property of the estate or assert a separate interest on behalf of the Debtor. The whole notion that the contrary is true is antithetical to the basic concept of a corporate liquidating bankruptcy under Chapter 7 of the Code. Nothing is cited or argued by the Appellants that excepts them from this statutory construct.

Consequently, neither the lawyers who have purportedly appeared in this and other courts on behalf of "Log Furniture," nor Cari Allen, who represents herself to be the "sole stockholder of Log Furniture," has individual standing to pursue this litigation.[4] The only person with standing or legal capacity to

---

[4]Ms. Allen's position is hard to discern because she appears here pro se. To the extent she contends some undefined or contingent ownership rights which give

(continued...)

represent Log Furniture, Inc.[5] in any litigation, including these appeals, is its Trustee. To argue otherwise is simply specious.

As a consequence, now that we have been able to blow away the clouds of smoke that have enveloped Appellants' appeals, we will not consider further any arguments raised by either the lawyers claiming to represent "Log Furniture" or by Ms. Allen. The claims they seek to raise are not theirs to pursue, and that fact will never change. Their cases are wholly without merit in law or fact, and their appeals in cases 04-4276, 05-4228, and 05-4266 are DISMISSED as frivolous. *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002) (holding that an appeal without an arguable basis in law or fact is frivolous and subject to dismissal).

Golden Meadows appears as an appellant in 05-4228 and 05-4266, ostensibly to argue the district court erred in determining the ownership of the stock of Log Furniture, Inc. prior to bankruptcy and that Golden Meadows' pledge agreement did not vest it with a controllable interest in Log Furniture, Inc. Much of its argument is centered in a convoluted procedural contention with due process overtones that neither the bankruptcy court nor the district court had

---

[4](...continued)
her standing to question the validity of the bankruptcy filing, her interest is at best derivative. As a consequence, she is still without standing. *See Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989).

[5]In reality, the legal entity is now the bankruptcy estate, not a corporation.

jurisdiction to decide these issues because of a now-dissolved Temporary Restraining Order.

The record, however, indicates the district court order from which the appeal in 05-4228 has been taken was entered on June 13, 2005, and the order in 05-4266 was entered on September 28, 2005. The TRO was dissolved by stipulation on May 26, 2004. Under these circumstances, the jurisdictional argument of Golden Meadows loses its force.

Golden Meadows also asserts neither the district court nor the bankruptcy court heard testimony on the "stock ownership issue." The assertion lacks substance because both courts ruled upon the issue as a matter of law.

Simply put, both courts concluded that by its own terms the pledge agreement did nothing more than provide Cari Allen with "the ability . . . to vote the pledged stock or to operate Log Furniture, Inc., until such time as there may be a default . . . and [Cari Allen] has been given seven (7) days written notice of default." Both courts determined the agreement by its own terms gave the creditor "no remedy" in the case of a default, and neither court was persuaded to interpret the document to provide one. Golden Meadows has advanced no credible argument that the legal determinations were not correct.[6]

_____

[6]One might logically conclude even if the contrary were true, the pledge agreement required seven days' written notice of default before any residual

(continued...)

For these reasons, the judgments against Golden Meadows in 05-4228 and

05-4266 are AFFIRMED.[7]

Entered for the Court


John C. Porfilio
Circuit Judge

---

[6](...continued)
rights would devolve to the benefit of Golden Meadows. The writ of execution was served upon Ms. Allen before such a notice was given to her, so any right Golden Meadows might arguably claim never reached fruition before its termination by the writ of execution.

[7]Appellees have also advanced an argument that Golden Meadows' appeals are moot for more than one reason, not the least of which is that Golden Meadows has entered into a final and sweeping settlement with the Trustee. We forego ruling on the issue, however valid it appears, simply because of the lack of merit in these appeals.