**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARI ALLEN,

      Plaintiff-Appellant,

  v.

CH. 7 TRUSTEE: ELIZABETH
LOVERIDGE; DEPOT ASSOCIATES;
GRANITE STONE; INTERNAL
REVENUE SERVICE; OFFICE OF
THE UNITED STATES TRUSTEE;
BRIGHTON BANK,

      Defendants-Appellees.

No. 06-4002
(D.C. No. 2:05-CV-717-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN** and **BRORBY**, Circuit Judges, and **BROWN**,[**] District Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

Plaintiff-appellant Cari Allen, proceeding pro se, appeals from a district court order affirming orders of the bankruptcy court denying her motion to remove the trustee in a Chapter 7 proceeding involving Log Furniture, Inc. (the removal motion), and later refusing to reconsider that order. Because the district court lacked subject matter jurisdiction, we vacate that portion of the district court's order affirming the denial of the removal motion, and we remand with instructions to dismiss that portion of Ms. Allen's appeal. We affirm the remainder of the district court's decision.

The genesis of this appeal occurred on February 4, 2005, when the bankruptcy court denied Ms. Allen's removal motion in the Log Furniture bankruptcy proceeding. Pursuant to Fed. R. Bankr. P. 8002(a), any appeal of that order to the district court had to be filed "within ten days of the date of the entry of the . . . order . . . appealed from." That date was February 14, 2005, unless Ms. Allen had filed a timely motion of the type described in Fed. R. Bankr. P. 8002(b). Motions included in Rule 8002(b) include motions "to alter or amend the judgment under Rule 9023," Fed. R. Bankr. P. 8002(b)(2), and "for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment," *id.* 8002(b)(4).

On February 18, 2005, Ms. Allen filed a motion in the bankruptcy court under Rule 8002(b) asking that court to reconsider its earlier order refusing to remove the trustee. On July 1, 2005, the Bankruptcy Court entered an order

denying the motion to reconsider on the ground that it was untimely.[1] Ms. Allen's notice of appeal to the district court was filed July 11, 2005.

We first review the bankruptcy court's denial of Ms. Allen's motion to reconsider as untimely because it controls our analysis of the district court's denial of the removal motion. Ms. Allen's motion to reconsider is not in the record; we therefore rely on the bankruptcy court's characterization of that motion as one brought under Fed. R. Civ. P. 59, incorporated in the Bankruptcy Rules as Rule 9023. Any motion under Rule 59 must be filed not later than ten days after entry of the judgment that is the subject of the motion. Fed. R. Civ. P. 59(b). Because Ms. Allen's motion to reconsider was filed more than ten days after the February 4, 2005, order, it was untimely. The bankruptcy court therefore correctly denied it, and that determination was properly affirmed by the district court.

Ms. Allen argues that the bankruptcy court should have treated her motion to reconsider as one filed under bankruptcy Rule 9024, the counterpart to Fed R. Civ. P. 60. Ordinarily, a court will consider a motion to alter or amend a judgment filed more than ten days after the entry of a judgment to be one filed under Rule 60. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.

---

[1]    The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, because the bankruptcy court used that terminology to refer to Ms. Allen's Rule 8002(b) motion, we shall do the same for the sake of consistency.

1991).  Bankruptcy Rule 8002(b), however, adds a filing deadline to Rule 9024 for purposes of tolling the appeal period that Fed. R. Civ. P. 60 does not have. Rule 8002(b) provides that a Rule 9024 motion will toll the running of the appeals period only if it "is filed not later than 10 days after the entry of judgment."  The advisory committee note to the 1994 amendment to Rule 8002 explains:

> The addition of this motion conforms to a similar amendment to F.R.App.P. 4(a)(4) made in 1993, except that a Rule 9024 motion does not toll the time to appeal unless it is filed within the 10-day period.  The reason for providing that the motion extends the time to appeal only if it is filed within the 10-day period is to enable the court and the parties in interest to determine solely from the court records whether the time to appeal has been extended by a motion for relief under Rule 9024.

Thus, whether considered a motion under Rule 9023 and Rule 59, or a motion under Rule 9024, both of which have a ten-day filing limit, Ms. Allen's motion to reconsider was untimely and was properly denied.  The untimely motion to reconsider did not toll the ten-day time period for filing a notice of appeal from the order denying the removal motion.  The district court, therefore, only had jurisdiction to consider the bankruptcy court's refusal to reconsider that order.  *See Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1181 (10th Cir. 2000).  Because the district court lacked jurisdiction over the appeal from the order denying the removal motion, we similarly lack jurisdiction over the merits of the removal issue and act merely to correct the error of the district court in

entertaining that part of the appeal. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

Therefore, as to Ms. Allen's removal motion, we VACATE the district court's decision and remand with instructions to dismiss for lack of subject matter jurisdiction. As to Ms. Allen's motion to reconsider, we AFFIRM the district court's decision.

Entered for the Court


Wade Brorby
Circuit Judge