**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

LOG FURNITURE, INC.,

        Debtor.

---

CARI ALLEN,

        Appellant,

v.

ELIZABETH R. LOVERIDGE,
Trustee; GOLDEN MEADOWS
PROPERTIES, LLC; NUPETCO
ASSOCIATES,

        Appellees.

Nos. 07-4041, 07-4042,
07-4043 & 07-4044
(Nos. UT-06-050 &
UT-06-051)
(BAP)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In these four appeals, consolidated for briefing purposes only, Cari Allen, proceeding pro se, challenges several determinations of the Bankruptcy Appellate Panel (BAP). We affirm the BAP's orders and judgments.

## GENERAL BACKGROUND

Ms. Allen is a frequent litigant in the Chapter 7 bankruptcy proceedings involving debtor Log Furniture, Inc., an insolvent manufacturer of log furniture. *See Allen v. Chapter 7 Tr.*, 223 F. App'x 770, 771-72 (10th Cir. 2007) (concerning an unsuccessful attempt to remove bankruptcy trustee); *Log Furniture, Inc. v. Call,* 180 F. App'x 785, 786-87 (10th Cir. 2006) (concerning an unsupported claim of illegality in the filing of the bankruptcy petition, with the court's observation that Ms. Allen has been party "to no less than nine separate legal actions raising these same issues"), *cert. denied*, 127 S. Ct. 938 (2007). Ms. Allen describes herself as a "creditor, displaced officer, director and management [sic] of Log Furniture . . . and pledgor of her own personal Log Furniture stock." Aplt. Br. at 2.

The present cases arise from a settlement reached by the trustee of Log Furniture's bankruptcy estate, Elizabeth Loveridge, and three related creditors, Nupetco Associates (which had a secured claim of $551,073.43), Neuman Petty, and Golden Meadows Properties, LLC. The parties' settlement agreement resolved three disputes: (1) the trustee's adversary proceeding to set aside a prepetition assignment to Nupetco of Log Furniture's claims against its landlord,

-2-

(2) the bankruptcy estate's claims against Petty, and (3) the validity of Nupetco's asserted lien on $53,980.69 of liquidation-auction proceeds. Ms. Allen objected to the trustee's motion to approve the settlement agreement, arguing that the estate would be able to pay the unsecured creditors if the trustee properly pursued the litigation and managed the liquidation of Log Furniture's property. She claimed that the trustee had "committed bankruptcy crimes." Aplt. App., Vol. I at 210-11.

The bankruptcy court held an evidentiary hearing to marshal the relevant facts for its determination on the proposed settlement. The trustee provided testimony concerning the parties' competing claims for relief, the potential costs of litigation, and an accountant's damage report. Ms. Allen argued against the settlement, accusing the trustee of "malfeasance, misfeasance, de[re]liction of duty and conspiratorial conduct," without objecting to the trustee's evidence or introducing relevant evidence of her own. *Id.* at 212.

Because the settlement involved potential legal claims, the bankruptcy court analyzed the evidence in light of four factors: (1) the chance of success of the litigation on the merits; (2) the possible problems in collecting a judgment; (3) the expense and complexity of the litigation; and (4) the interests of creditors. *See Kopp v. All Am. Life Ins. Co.* (*In re Kopexa Realty Venture Co.*), 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997). Based on its evaluation of the relevant factors, the bankruptcy court approved a modified version of the agreement.

As modified, the agreement required the trustee to pay the creditors $29,980.69 from auction proceeds, abandon unliquidated equipment and inventory assets, dismiss the adversary proceeding, transfer the claims against the landlord to the creditors, and release Mr. Petty from any claims the estate may have against him. In return, the creditors would release their liens on the remaining auction proceeds and accept the funds paid to them in full satisfaction of their claims against the estate.

Months after approval of the settlement agreement, creditors Golden Meadows and Nupetco filed amended proofs of claim. Ms. Allen objected, asserting that these claims were inconsistent, contradictory, and unsupported. She also argued that the amended claims demonstrated that the settlement agreement was based on inaccurate information. Therefore, she reasoned, the court should set aside the agreement as invalid.

The creditors later admitted that the agreement had resolved all their claims and moved to withdraw the amended claims. After holding a hearing, the bankruptcy court found that the creditors did not object to disallowance of the amended claims, which were subsumed into the settlement agreement. Accordingly, the court entered an order disallowing the amended claims and specifically stating "that nothing in this Order shall be construed to modify the terms of validity of this Court's Order Approving Settlement Agreement." Aplt. App., Vol. II at 590.

Ms. Allen filed a motion for a new trial, again arguing that the disallowance of the claims required the court to vacate the order approving settlement. The bankruptcy court summarily denied the motion. Ms. Allen appealed to the BAP, which affirmed the bankruptcy court rulings and also denied a procedural motion. In this court, she has filed four separate appeals of the BAP rulings.

## DISCUSSION

### No. 07-4041

In No. 07-4041, Ms. Allen seeks reversal of the bankruptcy court's grant of her own motion to disallow the creditors' claims. As the BAP aptly stated, "[b]ecause the bankruptcy court disallowed the claims as [Ms.] Allen requested, her appeal goes not to the result but apparently to the bankruptcy court's underlying reasoning." R., doc. 4 at 7. "We independently review the decision of the Bankruptcy Court . . . , not that of the BAP." *Rupp v. United Sec. Bank* (*In re Kunz*), 489 F.3d 1072, 1077 (10th Cir. 2007). We consider "the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard." *Houlihan Lokey Howard & Zukin Capital v. Unsecured Creditors' Liquidating Trust (In re Commercial Fin. Servs., Inc.),* 427 F.3d 804, 810 (10th Cir. 2005) (quotation omitted).

Ms. Allen argues that the bankruptcy court should have vacated the order approving the settlement when it disallowed the amended proofs of claim.

-5-

We see no error in the bankruptcy court's determination to disallow the claims and re-affirm its order approving the settlement agreement. Settlement agreements are interpreted under the general rules of contract law. *Flying J Inc. v. Comdata Network, Inc.,* 405 F.3d 821, 831 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 1331 (2006). As a matter of law, the bankruptcy court correctly concluded that the approved settlement agreement encompassed the creditors' claims.

## No. 07-4042

Ms. Allen's next appeal is directed to a BAP procedural order entered in her appeal of the bankruptcy court's decision to disallow the creditors' notice of claims. The BAP denied Ms. Allen's motion to reconsider its refusal to extend time and allow her to file an oversized reply brief and supplemental appendix. Ms. Allen contends that the BAP should have given her an opportunity to reply to her adversaries' misrepresentations and support her argument with supplemental material.

Matters such as this are left to the discretion of the court. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (finding no abuse of discretion in dismissing bankruptcy appeal because of untimely-filed brief); *cf. Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (finding no abuse of discretion in permitting late filing). We perceive no abuse of discretion in the denial of Ms. Allen's reconsideration motion.

**No. 07-4043**

Case No. 07-4043 raises Ms. Allen's fundamental issue: whether the bankruptcy court properly approved the parties' settlement agreement. "A bankruptcy court's approval of a compromise may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion. The bankruptcy court's decision to approve the settlement, however, must be an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 891-92 (10th Cir. 1989) (citation omitted).

Ms. Allen argues that the settlement represents an unjust result because the parties engaged in fraud and conspiracy, but she failed to introduce evidence to support her contentions. Our review of the record convinces us that the bankruptcy court's decision was informed, properly analyzed, and a reasonable exercise of discretion.

**No. 07-4044**

Ms. Allen again challenges the BAP's denial of her motion for reconsideration, this time as entered in her BAP appeal of the approval of the settlement agreement. In No. 07-4042, we concluded that her appeal of the BAP's ruling was meritless. For the same reasons, we also reject her arguments in No. 07-4044.

## CONCLUSION

The judgments of the Bankruptcy Appellate Panel are AFFIRMED in all respects.  We GRANT Ms. Allen's requests to proceed in forma pauperis. We note, however, that her appeals border on the frivolous:  that is, "lack[ing] an arguable basis in either law or fact."  *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).  We caution Ms. Allen against filing similarly meritless appeals in the future.

Entered for the Court


Bobby R. Baldock
Circuit Judge