FILED
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

**June 7, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

In re:  BEAR CREEK TRAIL, LLC,

   Debtor.

------------------------------

BEAR CREEK TRAIL, LLC,

   Appellant,

v.

BOKF, N.A., f/k/a Bank of Texas;
THOMAS MCCLINTOCK,

   Appellees.

No. 21-8056

_____

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 0:21-CV-00079-SWS)**

_____

Richard D. Gaines, Law Offices of Richard D. Gaines, Greentown, Pennsylvania (Ken McCartney, The Law Offices of Ken McCartney, P.C., Cheyenne, Wyoming on the briefs) for Debtor – Appellant.

Jennifer Salisbury, Markus Williams Young & Hunsicker, LLC, Denver, Colorado, for Appellees.

_____

Before **HOLMES**, **MATHESON**, and **ROSSMAN**, Circuit Judges.

_____

**MATHESON**, Circuit Judge.

_____

Bear Creek Trail, LLC, ("the Debtor" or "Bear Creek") filed for Chapter 11 reorganization. The bankruptcy court granted a motion to convert the proceeding to a Chapter 7 liquidation and appointed a trustee. Bear Creek's attorney in the bankruptcy proceedings asked the district court to review the bankruptcy court's conversion order. The district court dismissed, holding that only the trustee could seek review. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

### A.  *Texas State Court Case*

Marvin Keith failed to repay a mortgage loan from BOKF, N.A. d/b/a Bank of Texas ("the Bank"). In 2009, the Bank obtained a Texas state court judgment against Mr. Keith for about $1.3 million.

Several years later, Mr. Keith formed Pine Tree Capital, LLC ("Pine Tree"); Elk Mountain, Inc.;[1] Bear Creek Trail, LLC; and Bear Trail, LLC ("Bear Trail"). Mr. Keith controls all four entities.[2] The Debtor owns a Range Rover and a yacht.

The Texas state court appointed a receiver, Thomas McClintock, to take possession of and sell all of Mr. Keith's leviable assets. The court later ordered Mr. Keith to turn over to Receiver McClintock his interests in Pine Tree, Bear Trail,

---

[1] Elk Mountain purports to be an appellant here, but as explained below, it is not.

[2] Mr. Keith owns Pine Tree, which owns Elk Mountain, which owns Bear Creek, the Debtor. Mr. Keith is also the President of Elk Mountain and CEO of Bear Trail, which is the manager of the Debtor. App., Vol. III at 204; App., Vol. IV at 19-20. As noted above, Bear Trail and Bear Creek are different entities.

2

and the Debtor; all accounts in the name of these entities and their affiliates; and the Range Rover and yacht. The turnover order granted the receiver authority to take exclusive control of and to exercise all of Mr. Keith's powers and rights over the foregoing turnover assets.[3]

### B. *Bankruptcy Case*

The Debtor filed a Chapter 11 voluntary bankruptcy petition. Receiver McClintock moved on behalf of Elk Mountain to convert the bankruptcy case to Chapter 7. The motion stated he could do so because the turnover order granted him authority over Pine Tree, which owns Elk Mountain. The Bank joined Elk Mountain's motion to convert.

The bankruptcy court granted the conversion motion. In a separate order, it appointed an interim trustee, Randy Royal, over the Debtor's estate. The Debtor and Elk Mountain then moved for a stay of the conversion and appointment orders. The bankruptcy court denied the motion and a follow-up motion for reconsideration.

### C. *District Court Appeal*

Attorney Ken McCartney, who represented Bear Creek in the bankruptcy proceedings, filed a timely notice of appeal to the district court challenging the

---

[3] Pine Tree, Elk Mountain, Bear Creek, and Bear Trail sued the Bank and Receiver McClintock in Wyoming state court seeking to enjoin enforcement of the Texas turnover order. *Pine Tree Cap., LLC v. BOKF, N.A.*, 2021 WL 4521352, at *1 (10th Cir. Oct. 4, 2021) (unpublished). The Bank and Receiver McClintock removed the case to the federal district court, which dismissed it for lack of personal jurisdiction, and in the alternative, under federal abstention doctrines. *Id.* We affirmed the district court's dismissal. *Id.* at *2.

conversion order. The notice listed the appellant as "Bear Creek Trail, LLC, Debtor in Possession." App., Vol. III at 218-20. The Bank and Elk Mountain (by Receiver McClintock) moved to dismiss the appeal. They argued (1) the conversion order and trustee appointment ousted the Debtor's management and attorney from acting on the Debtor's behalf, and (2) the trustee had not authorized the appeal. Even though he had not listed Elk Mountain as an appellant in the notice of appeal, Mr. McCartney filed a response brief on behalf of the Debtor and Elk Mountain. In that filing, the Debtor and Elk Mountain also asked the district court to stay the bankruptcy court's conversion order and appointment of the Chapter 7 trustee.

The district court dismissed the appeal. It held that under Tenth Circuit precedent, only the Chapter 7 trustee had authority to file the appeal. The court explained that "[o]ther individuals, such as Mr. Keith, may have standing to appeal the conversion order . . . on their own behalf, but that was not done here." App., Vol. IV at 141.

### D. *Tenth Circuit Appeal*

Mr. McCartney filed a timely notice of appeal to this court on behalf of the Debtor and Elk Mountain challenging the district court's dismissal. The Debtor and Elk Mountain further moved for a stay pending appeal of the conversion order and appointment of the Chapter 7 trustee, which we denied. This court ordered the parties to file briefs addressing Elk Mountain's status in this appeal because (1) Elk

4

Mountain requested the conversion to Chapter 7 in bankruptcy court, and (2) Elk

Mountain was not listed as a party in the district court.[4]

## II. DISCUSSION

### A. *Standard of Review*

"This appeal presents a purely legal question, which we review de novo."

*In re S. Star Foods, Inc.*, 144 F.3d 712, 713 (10th Cir. 1998).

### B. *Legal Background*

"When a corporate bankruptcy is converted from Chapter 11 to Chapter 7, a

sea change takes place." *In re C.W. Mining Co.*, 636 F.3d 1257, 1265 (10th Cir.

2011). Once a corporate entity "enters Chapter 7 bankruptcy and a trustee is

appointed . . . its legal purpose becomes vastly different." *Id.* at 1264. Unlike

Chapter 11, which aims to "reorganiz[e] the bankruptcy estate for the shareholders as

well as the creditors," "Chapter 7 shifts the focus to creditors" alone "and protects

the creditors by appointing a trustee to control the estate." *Id.* at 1265 (citation

omitted).

"After [the debtor] enter[s] into Chapter 7 bankruptcy and a trustee [i]s

appointed, [the debtor's] former management's only role [i]s 'to turn over the

corporation's property to the trustee and to provide certain information to the trustee

and to the creditors.'" *Id.* at 1263 (quoting *Commodity Futures Trading Comm'n v.*

---

[4] After receiving the briefs, this court ordered that Elk Mountain could be listed as an appellant on pleadings in this court for procedural purposes only, with the merits panel to determine whether it is a proper appellant.

*Weintraub*, 471 U.S. 343, 352 (1985)).  "Authority to make legal decisions, like all other business decisions, passe[s] to the Trustee alone."  *Id.*  "[C]orporate officers are 'completely ousted' once a trustee has been appointed."  *Id.* (quoting *Weintraub*, 471 U.S. at 353).

In *C.W. Mining*, the creditors moved to appoint a Chapter 11 trustee or to convert the case to Chapter 7.  636 F.3d at 1259.  After the debtor's manager testified that he supported the conversion to Chapter 7, the bankruptcy court granted the conversion motion and appointed a trustee.  *Id.*  We held that once a Chapter 7 trustee was appointed, the debtor's former management could no longer appeal on the debtor's behalf.  *Id.* at 1260.  The "Chapter 7 trustee was the only person authorized to bring the appeal," and "[t]he Managers were divested of their authority to appeal by the appointment of the Chapter 7 trustee, which they did not challenge."  *Id.* at 1259.  "The rule that only the bankruptcy trustee may appeal an order from a bankruptcy court was created as a means to control, in an orderly manner, proceedings that often involve numerous creditors who are dissatisfied with any compromise that jeopardizes the full payment of their outstanding claims against the bankrupt."  *Id.* at 1262 (quotations omitted).

We further explained that after a trustee has been appointed, former management may still "appeal a bankruptcy court order in their own right."  *Id.* at 1266.  "If [the debtor's] managers themselves have been injured pecuniarily,

they can appeal as 'persons aggrieved.'" *Id.*[5] But "[s]uch an appeal must be brought on their own behalf, not on behalf of [the debtor]." *Id.*

## C. *Analysis*

The district court correctly dismissed the Debtor's appeal. The Debtor's former management, Mr. Keith and Bear Trail, and Mr. McCartney, the attorney who filed the appeal to the district court, lacked authority to seek review of the conversion order on the Debtor's behalf. *See id.* at 1265.[6] *C.W. Mining* controls. Once the bankruptcy court converted the case to Chapter 7 and appointed Mr. Royal as trustee, only he could appeal on the Debtor's behalf. *See id.* at 1264.[7] "[The Bankruptcy] Code makes no provision within the structure of Chapter 7 for 'former management'

---

[5] "[T]his circuit has adopted the rule, derived from the Bankruptcy Act of 1898, that appellate review of a bankruptcy court order is limited to persons aggrieved by that order." *C.W. Mining*, 636 F.3d at 1260 (quotations omitted). "To qualify as a person aggrieved, a person's rights or interests must be directly and adversely affected pecuniarily by the decree or order of the bankruptcy court." *Id.* (quotations omitted).

[6] Because the appointment of Mr. Royal as trustee transferred authority to him to act on behalf of the Debtor, Bear Creek, we refer to Mr. Keith and Bear Trail as "former management" of Bear Creek. *See C.W. Mining*, 636 F.3d at 1258 n.1, 1263.

[7] Courts have uniformly followed *C.W. Mining*. *See In re Pub.-Sector Sols., Inc.*, 602 F. App'x 929, 930 (4th Cir. 2015) (unpublished) (affirming dismissal of bankruptcy appeal based on reasoning of the district court, which had cited *C.W. Mining* to support dismissal of the bankruptcy appeal); *S. Edge LLC v. JPMorgan Chase Bank, N.A.*, 2011 WL 1626567, at *5-6 (D. Nev. Apr. 28, 2011) (unpublished); *Quest Ventures, Ltd. v. IPA Mgmt. IV, LLC*, 2018 WL 922145, at *2-3 (E.D.N.Y. Feb. 15, 2018) (unpublished); *Hardes Holding, LLC v. Sandton Credit Sols. Master Fund, III, LP*, 2019 WL 6347775, at *3 (D.S.D. Nov. 27, 2019) (unpublished); *In re Cmty. Translator Network LLC*, 2018 WL 734403, at *2 (D. Utah Feb. 6, 2018) (unpublished).

to appear in the proceeding and attempt to . . . assert a separate interest on behalf of the Debtor." *Log Furniture, Inc. v. Call*, 180 F. App'x 785, 787-88 (10th Cir. 2006) (unpublished).[8]

Appellant Bear Creek's counterarguments are not persuasive.

First, Mr. McCartney, joined now by Richard Gaines,[9] argues for Bear Creek that *C.W. Mining* is distinguishable because the debtor there, unlike here, never objected to the conversion. Here, they contend, "the conversion order is made unappealable, as a practical matter" because "[t]here is no chance any Trustee will challenge the very order by which he or she becomes trustee." Aplt. Br. at 22. As the Bank and Receiver McClintock explain, however, "Appellant confuses Debtor's right to appeal with former management's right to assert an appeal on behalf of the Debtor." Aplee. Br. at 17.

Under our rationale in *C.W. Mining*, it is immaterial whether the debtor's manager supported or objected to the Chapter 7 conversion. We stated without qualification "that following the appointment of a trustee in a corporate Chapter 7 bankruptcy, the corporation's former managers are not authorized to bring the corporation's appeal." *C.W. Mining*, 636 F.3d at 1265. Permitting someone other

---

[8] Although not precedential, we find the reasoning of unpublished decisions cited in this opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

[9] Mr. Gaines has served as Mr. Keith's personal attorney since 2004 and helped set up Mr. Keith's entities, including Bear Creek.

than the trustee to litigate or appeal on behalf of the debtor would threaten the "orderly manner" of bankruptcy proceedings. *Id.* at 1262. "Instead of an orderly liquidation of the estate, every move by the Trustee, and every adverse court decision, could be contested and appealed," *id.* at 1265, risking confusion about who represents the debtor.

District courts have applied *C.W. Mining* when the debtor's manager opposed conversion to Chapter 7 in bankruptcy court. *See, e.g.*, *Quest Ventures*, 2018 WL 922145, at *1-2 (dismissing appeal of conversion order and citing *C.W. Mining* in support). As the district court explained in *Community Translator Network*, 2018 WL 734403 (D. Utah), our analysis in *C.W. Mining* "was based solely upon the fact that the former managers had no authority to act on behalf of the debtor at the point in time when they filed the notice of appeal. Whether the Chapter 7 trustee was voluntarily or involuntarily appointed does not affect the reasoning of *C.W. Mining*." *Id.* at *2.

Also, *C.W. Mining* and the district court here explained that, even after a trustee appointment, former managers such as Bear Trail or Mr. Keith still have the authority to appeal the conversion order on their own behalf. *See C.W. Mining*, 636 F.3d at 1266. But they did not bring their own appeal. Instead, their counsel, Mr. McCartney, attempted to appeal to the district court on behalf of the Debtor.

Second, Bear Creek's attorneys argue that "[s]ince Debtor is solvent, it has standing as an aggrieved party to challenge the conversion order and appeal that order." Aplt. Br. at 24. But "the determinative question in this case is not whether

9

[the Debtor] has standing as a 'person aggrieved' to appeal, but whether the [the Debtor's former management] have authority to appeal on [the Debtor's] behalf." *C.W. Mining*, 636 F.3d at 1261. They do not.

Third, Bear Creek counsel argue that Elk Mountain is an aggrieved party and entitled to appeal. Aplt. Br. at 24-28. They contend that despite the omission of Elk Mountain's name from the notice of appeal to the district court, "its characteristics were described" in the notice. *Id.* at 26. They also say that Elk Mountain is an appellant because the Debtor and Elk Mountain jointly filed their opposition to the motion to dismiss the appeal and moved in both bankruptcy court and district court for a stay of the conversion order. *Id.* at 26-27; Aplt. Br. Addressing Status of Elk Mountain, at 7-9.

This third argument fails. Federal Rule of Bankruptcy Procedure 8003(a)(3), which governs appeals from bankruptcy court orders, states that "[t]he notice of appeal must: . . . conform substantially to the appropriate Official Form." The relevant Official Form here asks to "Identify the appellant(s)" and has a line for "Name(s) of appellant(s)." App., Vol. III at 218. The notice listed only "Bear Creek Trail, LLC, Debtor in Possession." *Id.* Under the "[p]osition of appellant(s)" description on the form, Mr. McCartney checked "Creditor," "Debtor," and "Other" and then wrote "Equity Holder." *Id.* Nowhere did the notice specify or describe Elk Mountain as an appellant.[10] Even assuming Mr. McCartney could represent Elk

---

[10] Here is an excerpted reproduction of the form:

Mountain despite the turnover order, the notice did not comply with Rule 8003(a).

Elk Mountain was thus not an appellant in district court, nor is it an appellant in this

court.

## III. CONCLUSION

Bear Creek's former management and Mr. McCartney lacked authority to

challenge the conversion order in district court on behalf of the Debtor.  We affirm

the district court's judgment dismissing the appeal.

---

Official Form 417A (12/15)

KEN MCCARTNEY, Bar No. 5-1335
The Law Offices of Ken McCartney P.C.
1401 Airport Parkway Ste. 200
PO Box 1364
Cheyenne, WY 82003
Tel. 307 635-0555
email: bnkrpcyrep@aol.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

In re: )
BEAR CREEK TRAIL LLC., )
) Case No. 20-20348
) CHAPTER 11
Debtor. )

---

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

---

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): Bear Creek Trail, LLC, Debtor in Possession

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ¨ Plaintiff | |
| _ Defendant | X☐ Debtor |
| ¨ Other (describe) _____ | X☐ Creditor |
| | ☐ Trustee |
| | X☐ Other (describe) |
| | Equity Holder |

App., Vol. III at 218.